IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 18-51062

UNITED STATES OF AMERICA
*Plaintiff-Appellee*,

Vs.

CARMEN ALFREDO MARQUEZ-CASTILLO, also known as Viejo,
also known as Viejito,
*Defendant-Appellant*.

*APPEAL FROM THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT OF
TEXAS, EL PASO DIVISION
Case No.: EP-17-CR-1080-2*

**BRIEF OF APPELLANT**

Orlando Mondragon
1028 Rio Grande Ave.
El Paso, TX 79902
(915) 566-8181/ (915) 566-9696 FAX
Email: mondragonom@gmail.com

*Attorney for Appellant/Defendant*

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

UNITED STATES OF AMERICA
      Plaintiff-Appellee,

   v.                            NO.  18-51062

CARMEN ALFREDO MARQUEZ-CASTLLO
      Defendant-Appellant.

     The undersigned counsel of record certifies that the following listed

persons have an interest in the outcome of this case.  These representations are

made in order that the Judges of this Court may evaluate possible

disqualification or recusal.

1.  UNITED STATES OF AMERICA

2.  CARMEN ALFREDO MARQUEZ-CASTILLO

3.  ORLANDO MONDRAGON

4.  BROCK BENJAMIN

5.  DAVID KIEBLER

6.  ANTONIO FRANCO, JR.

7.  JOSEPH  GAY, JR.

8.  DAPHNE DANILLE NEWAZ

9.  KYLE MYERS

10. MALLORY JOSEPHINE RASMUSSEN

DATE:  May 2, 2019                    Respectfully Submitted,

/s/ *Orlando Mondragon*
1028 Rio Grande
El Paso, TX 79902
(915) 566-8181
(915) 566-9696/FAX
Email: mondragonom@gmail.com
*ATTORNEY FOR APPELLANT*
*CARMEN ALFREDO MARQUEZ-CASTILLO*

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Appellant is not requesting oral arguments.  It is believed that oral arguments will not be beneficial to the resolution of the issues.  Appellant believes that the issues can be resolved on the briefs.

# **TABLE OF CONTENTS**

**PAGE**

Certificate of Interested Persons……………………………………… ii

Statement Regarding Oral Arguments………………………………...iv

List of Authorities…………………………………………………… vi

Statement of Jurisdiction………………………………………………1

Statement of Issues Presented for Review…………………………. 2

Statement of the Case …………..……………………………….….. 3

Summary of Argument…………………………………………………..5

Argument………………………………………………………………..5

   **1. Whether the Defendant is subject to the 20 year
      mandatory minimum under 21 U.S.C. §841(b) based on a
      prior state drug conviction  when that conviction does not
      qualify as a predicate conviction under the First Step
      Act of 2018………………….........................................................5**

Conclusion……………………………………..……………………9

# LIST OF AUTHORITIES

## CASES                                                                                PAGE

*Bradley v. Sch Bd. Of Education,* 416 U.S. 696 (1974)...………...……..8

*Bradley v. United States*, 410 U.S. 605 (1973)………………………...7

*Burgess v United States,* 553 U.S. 124 (2008)…………………………6

*Dorsey v. United States,* 567 U.S. 260 (20120………….…………...8

*United States v. Diaz,* 592 F.3d 467 (3rd Cir. 2010)…….…………...9

*United States v. Dixon,* 648 F.3d 195 (3rd Cir. 2011)...…………….…8

*United States v. Jacobs* 919 F.2d 10 (3rd 1990)………..……………8

*United States v. Mankins,* 135 F.3d 946 (5th Cir. 1998)………………..6

*United States v. Stuart*, 22 F.3d 76 (3rd 1994)………………………..9

## STATUTES

18 U.S.C. §3231…...…………...…………………………………......1

21 U.S.C. §841……………………………………………………….3,5

28 U.S.C. §1291.…………………………………………….…….…1

First Step Act of 2018………………………………………2,4,5,6,7,8,9

## FEDERAL RULES OF APPELLATE PROCEDURE

Rule 4(b)……………………………………………………….…..1

## MISCELLANEOUS

Statement by the President, 2018 WL 6715861…………………………6

## <u>STATEMENT OF JURISDICTION</u>

The district court had subject matter jurisdiction pursuant to 18 U.S.C.

§3231.  The judgment appealed is the judgment of conviction, which is a final

order.  This Court has jurisdiction pursuant to 28 U.S.C. § 1291.  The Court

pronounced sentence on October 26, 2018 and the judgment was entered on

October 30, 2018.  Mr. Marquez-Castillo filed a timely notice of appeal on

October 31, 2018 pursuant to rule 4(b) of the Federal Rules of Appellate

Procedure.  Defendant is in custody under service of sentence.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

Whether the Defendant is subject to the 20 year mandatory minimum under 21 U.S.C. §841(b) based on a prior state drug conviction when that conviction does not qualify as a predicate conviction under the First Step Act of 2018.  Determinative of the issue is whether the First Step Act of 2018 is applicable to the Defendant who was sentenced by the District Court prior to the passage of the First Step Act of 2018, but whose case was on appeal during the passage of the act.

# STATEMENT OF THE CASE

On March 23, 2018,  Carmen Alfredo Marquez-Castillo ( "Marquez"), pled guilty to the following: 1) Conspiracy to Possess with Intent to Distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. §846 & §841 (Count 1); 2) Conspiracy to Possess with Intent to Distribute 100 kilograms or more of marijuana in violation of 21 U.S.C. §846 & §841 (Count 2); 3) Possession with Intent to Distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. §841 (Count 3); 4) Conspiracy to Launder Money Instruments in violation of 18 U.S.C. §1956 (Count 6); and 5) Conspiracy to Launder Monetary Instruments in violation of 18 U.S.C. §1956  (Count 7).  ROA.117.[1]  The government filed a notice of enhancement of punishment pursuant to 21 U.S.C. §851 alleging that Marquez had been convicted of Delivery of Marijuana out of the 41st Impact Court of El Paso County, Texas in cause number 970D11900. ROA.56  This notice of enhancement increased the statutory minimums under 21 U.S.C. §841(b).

The notice of penalty enhancement subjected Marquez to a mandatory minimum of 20 years on counts 1 and 3, the cocaine offenses.  The only avenue for Marquez to be eligible for less than 20 years is if he would receive the benefit of a reduction under the safety valve provision under U.S.S.G §5C1.2.

---

[1] "ROA" refers  to the record on appeal followed by the corresponding page number.

The Court informed Marquez of application of the safety valve provision and getting under the mandatory minimum. ROA.252-253.

On October 26, 2018, the Court held the sentencing hearing and incorporated evidentiary hearing relating to an enhanced role, that is, Marquez was a leader/organizer. ROA.361. Since the Court found that Marquez was a leader/organizer, he was not eligible for a sentence under the statutory minimum. Accordingly, the Court sentenced Marquez to the 240 months mandatory minimum for the cocaine offenses and 235 months on the remaining counts. ROA.369. The Court further ordered that all sentences run concurrent. Marquez filed a timely appeal.

On December 21, 2018, Congress passed the First Step Act of 2018. The First Step Act repealed the effect of Marquez's prior. In other words, the First Step Act repealed 21 U.S.C. §841. The new provision would put Marquez at a mandatory minimum of 10 years and if his prior was classified as a serious drug felony, the mandatory minimum would be 15 years. For the reasons that follow, Marquez is not subject to the mandatory minimum of 20 years and this case should be remanded for resentencing and provide Marquez an opportunity to request a variance since the mandatory minimum of 20 years would not be applicable.

## SUMMARY OF THE ARGUMENT

The Defendant is not subject to the 20 year mandatory minimum under 21 U.S.C. §841(b) because the First Step Act of 2018 repealed and modified what can count as a predicate offense to enhance a defendant's punishment. Since the Defendant's sentence is not final, that is, his case was still on appeal during the passage of the Act, he is subject to the application of the First Step Act to his particular circumstances.

Under the new provisions, Marquez's prior state drug offense does not qualify as a "serious drug felony" under the First Step Act because he did not serve more than a year of imprisonment; therefore, he is only subject to the 10 year mandatory minimum. Consequently, the District Court erred when it held that Marquez was subject to the 20 year mandatory minimum and sentenced him to the 20 year mandatory minimum.

## ARGUMENT

**The Defendant is not subject to the 20 year mandatory minimum under 21 U.S.C. §841(b) because the First Step Act of 2018 repealed and modified what can count as a predicate offense to enhance a defendant's punishment**.

**<u>Standard of Review</u>**

Whether a prior conviction qualifies as a predicate offense for purposes of a sentencing enhancement statute, including 21 U.S.C. §841(b), presents a pure question of law that is subject to *de novo* review. ***Burgess v. United States***, 553 U.S. 124, 133 (2008); ***See also United States v. Mankins***, 135 F.3d 946, 949 (5th Cir. 1998).

**<u>Analysis</u>**

The First Step Act of 2018, S. 756 (11th Cong., 2018), which was passed by Congress on December 20, 2018, and signed into law on December 21, 2018 repealed and modified the application of the mandatory minimums. ***See, e.g.,*** White House, ***Statement by the President*** (Dec. 21, 2018), ***available at*** 2018 WL 6715861. Marquez would not and could not be subject to the 20 year mandatory minimum under the statute as now framed.

The changes effected by the Act are significant and directly relevant here. The statute no longer provides for a mandatory 20 years sentence for one having a prior felony drug offense. The Act removed "felony drug offense" and replaced it with "serious drug felony." The new phrase is substantially more restrictive than "felony drug offense," to include only those offenses which carry a maximum term of ten year or more, and then only if the defendant actually served more than one year of imprisonment and completed serving that

sentence within 15 years of the current crime.  First Step Act

§401(a)(1)(amending 21 U.S.C. §802).  Theses changes are expressly made

retroactive by the Act, which states in a retroactivity clause that the revisions

"*shall* apply to any offense that was committed before the date of enactment of

this Act, if a sentence for the offense has not been imposed as of such date of

enactment."  First Step Act §401(c) (emphasis added).

There can be no doubt that, under the new provision, Marquez would not

face the 20 year mandatory minimum.  On the contrary, he would be subject to

the 10 year mandatory minimum because his Texas conviction for delivery of

marihuana does not meet the new definition of a "serious drug felony."  As

evidenced by the judgment of conviction, Marquez was sentenced to 10 years,

but the sentence was probated for 10 years which means Marquez did not serve

anytime in custody.  ROA, 395-396.  In other words, Marquez did not serve

more than 12 months which is required in order for the offense to be classified

a serious drug felony.  21 U.S.C. §802(57).  Therefore, under the First Step Act,

he would be subject to a 10 year mandatory minimum and not a 20 year

mandatory minimum.

This new provision should, and must apply in this case.  It has long been

settled that any repeal of a criminal statute while an appeal is pending, including

any "repeal and re-enactment with different penalties… [where only] the

penalty was reduced," ***Bradley v. United States***, 410 U.S. 605, 607-08 (1973),

must be applied by the court of appeals, absent "statutory direction…to the

contrary." ***United States v. Jacobs,*** 919 F.2d 10, 11 (3rd Cir. 1990) (quoting

***Bradley v. Sch. Bd. Of Richmond***, 416 U.S. 696, 711 (1974).[2]  The "statutory

direction" in this case, far from suggesting that a "contrary" presumption should

govern, states expressly that the amendments "shall apply to any offense that

was committed before the date of enactment of this Act." First Step Act

§401(c).[3]

     The sole qualification of the retroactivity clause—i.e., that the

amendments apply "if a sentence for the offense has not been imposed as of

such date of enactment," First Step Act §401(c)—was likely included to limit

collateral challenges based on the new rules. It cannot be read to limit or

prohibit their application to cases on direct appeal, particularly given the long-

standing rule that a sentence does not become final (finally "imposed") until it

has "reached a final judgment in the highest court authorized to review [it]."

---

[2] ***See also, e.g., United States v. Dixon***, 648 F.3d 195, 199 (3rd Cir. 2011) ("The general common law rule requires a court to apply the law in effect at the time it renders its decision… [O]nce Congress amended a criminal statute (including its penalties), all pending prosecutions—prosecutions that had not yet reached a final judgment in the highest court authorized to review them—were abated.") (internal quotations and citations omitted); ***cf. Bradley,*** 410 U.S. at 607 (same).

[3] The language also confirms that the general federal  "savings statute," 1 U.S.C. 109 (1871) which state generally that a statute repealing a criminal provision does not extinguish previously imposed penalties, has no application here.  ***See Dixon,*** 648 F.3d at 199 (noting saving statute does not apply when repealing statute reflects contrary intent, "either expressly or by necessary implication"); ***see also Dorsey v. United States,*** 567 U.S. 260, 274 (2012) (same).

*Dixon,* 648 F.3d at 199.  Indeed, even if a different reading of the clause were possible, it would be precluded by the doctrine of constitutional avoidance, given the profound questions that would be raised under the principles of due process and equal protection (among others) if this defendant is denied the benefit of a statute that otherwise applies directly to him, and by principles favoring lenity in the interpretation of criminal provisions.  *See, e.g., United States v. Diaz*, 592 F.3d 467, 474 (3rd 2010).

Should this Court harbor any doubt over resolution of the issue, or whether to address it in the first instance, an appropriate course would be to remand the case to the district court for further consideration.  *See United States v. Stuart*, 22 F.3d 76, 84 (3rd Cir. 1994).  That Court could then consider if and how the new provisions should be applied, and enter a new order or judgment accordingly.

The judgment of sentence is inconsistent with the Controlled Substance Act as amended by the First Step Act.  Whether the judgment is vacated immediately, or the case is returned to the district court for further consideration, the sentence cannot be affirmed.

## <u>CONCLUSION</u>

For the foregoing reason, the judgment of conviction and sentence should be vacated, and this case should be remanded for further proceedings.

Dated: May 2, 2019                    Respectfully Submitted,

                                      */s/ Orlando Mondragon*
                                      ORLANDO MONDRAGON
                                      SBN: 24013183
                                      1028 Rio Grande
                                      El Paso, TX 79902
                                      (915) 566-8181/Phone
                                      (915) 566-9696/Fax
                                      ATTORNEY FOR APPELLANT

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of May 2019, a copy of the foregoing

was filed using the Court's ECF system, which will serve counsel for all other

parties to the case.

*/s/ Orlando Mondragon*
ORLANDO MONDRAGON
Attorney for
Appellant/Defendant
CARMEN MARQUEZ

## **CERTIFICATE OF COMPLIANCE**

I certify that the foregoing brief proportionately spaced, has a typeface of

14 points, and contains 1656 words.

*/s/  Orlando Mondragon*
ORLANDO MONDRAGON
Attorney for
Appellant/Defendant
CARMEN MARQUEZ